## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | |
|---|---|
| BRAYON WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00080-PLC ) |
| JOE BIDEN, et al., | ) ) |
| Defendants. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on of self-represented plaintiff Brayon Williams's application to proceed in district court without prepaying fees and costs. Based on review of plaintiff's financial information, the Court will grant the application and waive the filing fee. Additionally, on initial review of the complaint, the Court will dismiss it for failure to state a claim upon which relief may be granted.

### Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

### The Complaint

Plaintiff's complaint is filed on a form complaint for a civil case alleging breach of contract. He names as defendants Joe Biden, Kamala Harris, John G. Rober[t]s, and Kevin McCarthy. In his statement of claim, he states that on October 25, 2024, defendants entered into an oral contract with him to uphold their oaths of office. He alleges defendants failed to comply with their oaths of office by the following:

> The United States Constitution has went unprotected as Defendant party sworn to do where the Drug Comprehensive Act of 1970, with its since then multiple transformations, and additions in a failed attempt to reform, has allowed such as Ex Post Facto Law to exist in the Many States of the United States, which is prohibited under Article I as the same such drugs existed inside the many States before 1970 without penalty, and where such a law goes against the guarantee declared by article IV of the United States Constitution . . . .

ECF No. 1 at 4. For relief, he seeks $100 trillion and the impeachment and firing of many people, including the Social Security Administration and social workers.

### Discussion

Plaintiff alleges the President and Vice President of the United States, the Chief Justice of the Supreme Court, and the Speaker of the House of Representatives entered into a contractual obligation with him by taking oaths of office. He states that he and defendants entered into this "oral contract" October 25, 2024. Although unclear, it seems he alleges defendants breached this contract by reforming the Drug Comprehensive Act of 1970.

2

Under Missouri law, the elements of a contract case are (1) parties competent to contract, (2) subject matter, (3) legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation. *See White v. Pruiett*, 39 S.W.3d 857, 862 (Mo. Ct. App. 2021). Here, plaintiff has not established the existence of a contract because he has not alleged any facts showing competency of the parties, legal consideration, mutuality of agreement, or mutuality of obligation. For these reasons the Court will dismiss plaintiff's claims for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(d)(2)(B).

An Order of Dismissal will accompany this Opinion, Memorandum and Order

Dated this 23rd day of December, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

3